NO. 07-02-0038-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 26, 2003



______________________________




SERGIO XAVIER DURAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,951-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Sergio Xavier Duran appeals from his conviction for aggravated robbery pursuant
to a guilty plea, and his sentence of 30 years confinement. We affirm.


 Appellant was indicted for aggravated robbery based on an incident on or about
June 8, 2001. He pled not guilty. Trial was commenced on December 3, 2001. Following
voir dire of the jury panel and jury selection, the indictment was read and appellant pled
guilty. The jury was removed to the jury room and the trial court admonished appellant,
ascertained that appellant intended to plead guilty and determined that appellant
understood the ramifications of his plea. Appellant advised the trial court that he wanted
the jury to assess punishment. The trial court did not (1) admonish appellant about the
applicable range of punishment or (2) advise appellant that if he was not a citizen of the
United States, a guilty plea could result in deportation. 

 Following presentation of punishment evidence, the jury assessed appellant's
punishment at 30 years incarceration. Appellant urges one issue on appeal: the trial
court's failure to fully admonish him violated Tex. Crim. Proc. Code Ann. art. 26.13(a)
(Vernon Supp. 2003) and affected his substantial rights. See Tex. R. App. P. 44.2(b).

 At the time appellant and the State filed their briefs, they did not have the benefit
of Burnett v. State, 88 S.W.3d 633 (Tex.Crim.App. 2002). We believe appellant's issue
is controlled by Burnett. 

 In Burnett, the defendant pled guilty, was admonished by the trial court, but the
admonishment did not include admonishment as to the range of punishments for the crime. 
The Court of Criminal Appeals noted the error, but held that the record demonstrated that
the error was harmless:

 The failure to admonish appellant regarding the range of punishment was
clearly error. There is, however, nothing in the record that supports an
inference that: 1) appellant was unaware of the consequences of his plea; 
or 2) the trial judge's failure to admonish him misled appellant into pleading
guilty because he did not know the applicable range of punishment. To the
contrary, this record is replete with statements concerning the applicable
range of punishment. Thus, the error in this case was harmless. 

Id. at 635. 

 So it is in appellant's situation. The prosecutor told the jury venire the range of
punishment during voir dire. Defense counsel stated during voir dire that the prosecutor
did a "real good job" of explaining several matters, including the range of punishment. 
During his admonishment exchange with the trial court after pleading guilty, appellant
acknowledged discussing his plea and its effects with defense counsel. During
presentation of appellant's trial evidence at punishment, his mother and father testified. 
His mother testified to her understanding that appellant could be sentenced to probation
or up to life in prison. She had recently moved to Kansas, but her testimony did not raise
an inference that she, appellant's father, appellant or any of appellant's family had
otherwise lived anywhere but Amarillo. Appellant's father testified that he lived in Amarillo. 
Appellant testified to the jury that he understood he had pled guilty to a first degree felony
and that he could spend the rest of his life in prison. No motion for new trial was filed
claiming appellant was not a citizen of the United States, and no evidence in the record
infers such fact. Moreover, appellant only claims in his brief that the trial court failed to
inquire whether he was a citizen. He does not urge that he is not a citizen and is subject
to deportation because of his plea. Nor does he refer to any evidence to support such a
position or specify any prejudice from the failure to be admonished in regard to possible
deportation if he were not a citizen. 

 Failure to admonish a defendant on the direct consequences of his guilty plea is
statutory rather than constitutional error. See Burnett, 88 S.W.3d at 637. This record does
not demonstrate that the trial judge's error in failing to admonish appellant misled or
harmed appellant. 

 The error was harmless. Id. We overrule appellant's issue and affirm the judgment. 



 Phil Johnson

 Chief Justice



Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 



e"
 UnhideWhenUsed="false" Name="Dark List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00092-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
12, 2010

 



 

IN THE INTEREST OF C.G.H. AND K.J.H., CHILDREN



 



 

 FROM THE 286TH DISTRICT COURT OF HOCKLEY
COUNTY;

 

NO. 05-04-19953; HONORABLE PAT PHELAN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Christopher Hafer, perfected this appeal from the trial courts order
in suit to modify parent-child relationship. 
The clerks record was filed on April 1, 2010, with a supplemental
clerks record filed on June 9.  The
reporters record was filed on May 12, with a supplemental reporters record
filed on May 14.  Hafer
requested an extension of time to file his brief, which was granted, and his
brief was due to be filed on July 12.  Hafer did not file his brief nor request an extension of
time to file his brief by July 12.  By
letter dated July 22, the Clerk of this Court notified Hafer
that his brief was past due and that failure to file his brief with this Court
on or before August 2, could result in dismissal of
his appeal pursuant to Rules 38.8(a) and 42.3 of the Texas Rules of Appellate
Procedure.  Hafer
has neither filed his brief nor responded to this Courts July 22
correspondence.

            Accordingly,
we dismiss this appeal for want of prosecution and failure to comply with a
notice from the Clerk of this Court requiring a response or other action in a
specified time.  See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

 








                                                                                                                                                                                                                                                            Mackey
K. Hancock

                                                                                                            Justice